UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-CR-00054-GZS |
| GARY BOSHOFF, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR VIDEO SENTENCING HEARING**

Before the Court is Defendant's Motion for Video Sentencing Hearing (ECF No. 142). For reasons explained herein, the Court DENIES the Motion.

Defendant Gary Boshoff ("Boshoff") was first arrested for the criminal conduct underlying this case on October 3, 2016. After his initial appearance on a criminal complaint and release on bail, Boshoff attempted suicide resulting in injuries that have required significant medical care and rehabilitation. As a result, the Court granted a series of unopposed extensions of time to indict. (See ECF Nos. 14, 17, 19, 21, 26, 34, 38, 40, 45 & 48.) Thereafter, on April 13, 2018, Boshoff was indicted on one count of possession of child pornography. (See ECF No. 49.) His counsel then filed a motion regarding his competency to stand trial. (See ECF No. 52.) The competency issues raised were ultimately resolved on October 17, 2018. (See ECF No. 85.) Defendant thereafter sought multiple extensions to file motions, which the Court granted. (See ECF Nos. 90, 93 & 96.) Defendant filed his Motion to Suppress on March 6, 2019. (See ECF No. 99.) After holding an evidentiary hearing on June 26, 2019, the Court denied the Motion. (See ECF Nos. 112-115.) Defendant then entered a conditional guilty plea on September 5, 2019. (See ECF Nos. 123 & 124.) The preparation of the presentence report took an extended period of time due to Defendant's location, availability, and voluminous records. (See ECF Nos. 127, 128, 130, 131, 133 & 134.) After the revised presentence

report was filed, the Court held a presentence conference on February 27, 2020. Sentencing was set for March 18, 2020. However, the sentencing was cancelled as the Court suspended in-person proceedings as a result of the COVID-19 pandemic. Defendant remains out on bail. As detailed in his Motion, the ongoing delay of his sentencing is causing him and his wife significant challenges.

On June 1, 2020, Defendant filed the pending motion seeking a sentencing via video conference pursuant to Section 15002 of the CARES Act[1] and District of Maine General Order 2020-4. The Government has filed a response opposing this request.

As the Government acknowledges in its response, the CARES Act currently allows this Court to conduct sentencing via video conference upon a reasoned finding that Boshoff's sentencing cannot be further delayed without serious harm to the interests of justice. (See ECF No. 143, PageID # 143.) However, as Judge Hornby recently explained when faced with a similar request, "To date, judges in this District have used that emergency authority to take felony guilty pleas and sentence defendants by telephone or videoconference when the parties have recommended 'time served' sentences." United States v. Fagan, No. 2:19-CR-123-DBH, 2020 WL 2850225, at *1 (D. Me. June 2, 2020). In short, the judges in the District of Maine have determined that "extending imprisonment because the pandemic delays an in-person hearing would seriously harm the interests of justice in its deprivation of liberty." Id. at *3.

Here, the parties are not jointly recommending a "time served" sentence, nor is Boshoff presently detained. As reflected in the sentencing memorandum file by Defendant, Defendant seeks a variant sentence of five years probation.[2] (See ECF No. 137, PageID # 554.) The Government also has recommended a variant sentence: nine months imprisonment, to be followed by a ten year term of supervised release that includes an additional nine months of home confinement. (See ECF No.

---

[1] Coronavirus Aid, Relief, and Economic Security (CARES) Act, P.L. No. 116-136, 134 Stat. 281, 528-29 (2020).

[2] The Revised Presentence Report calculates Boshoff's advisory guideline range at 41-51 months.

138, PageID # 615.)  With both sides asking the Court to impose differing variant sentences, the Court believes that the interests of justice would best be served by an in-person sentencing proceeding.  See Fagan, 2020 WL at *3 (describing the importance of physical presence in sentencing).[3]

While the Court understands Defendant to argue that the injustice of the continuing delay should qualify as a serious harm, the procedural history of this case documents significant delays related to the medical needs and requests of Defendant.  On balance, the pandemic-related sentencing delay has been just a few months.  The Court is sympathetic to the "limbo" created by this sentencing delay.  (ECF No. 142, PageID # 622.)  However, each and every defendant awaiting sentencing faces similar uncertainty as to the impact his sentence will have on the daily life and finances of his loved ones.  Thus, this collateral harm is present in virtually all cases, particularly those cases in which the Government is seeking a term of incarceration, but a defendant is seeking to avoid incarceration.

Under the current circumstances of this particular case, the Court declines to find that the interests of justice will be seriously harmed by further delay in Boshoff's sentencing.  Rather, the Court remains primarily concerned that the interests of justice will be seriously harmed by conducting a remote video sentencing in this case.

Therefore, the Court DENIES Defendant's Motion (ECF No. 142).

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 23rd day of June, 2020.

---

[3] The Court additionally notes that victims have been identified in this case, although, before March 15, 2020, none of them had indicated an intention to appear at sentencing.  Cf. Fagan, 2020 WL at *2 n.6 (noting that Fagan's offense involved no victims).  In the Court's assessment, the interests of justice are served by sentencing proceedings that allow victims the choice to be physically present.